IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Maia Frederick<br>Terry A. Frederick<br>                **Debtors** | CHAPTER 13 |
| BANK OF AMERICA, N.A.<br>                **Movant**<br>vs. | NO. 16-10507 REF |
| Maia Frederick<br>Terry A. Frederick<br>                **Debtors** | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>                **Trustee** | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the 2011 Volkswagen Jetta Sedan ("Vehicle"), bearing a VIN Number of 3VWDZ7AJ1BM013389 held by Movant on the Debtor's vehicle is $2,419.09 which breaks down as follows;

    Post-Petition Payments:        September 2, 2016 through February 2, 2017 at $441.93
    **Total Post-Petition Arrears**    $2,419.09

2.  Debtors shall cure said arrearages and make ongoing payments in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall make a payment of $2,419.09.

    b). Beginning March 2017 and continuing throughout the bankruptcy, Debtors shall pay the present monthly payment of $441.93 on the Vehicle (or as adjusted pursuant to the terms of the contract) on or before the second (2nd) day of each month at the address below;

    Bank of America, N.A.
    PO Box 660933
    Dallas, TX 75266-0933

3.  Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the contract and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 1, 2017

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Thomas I. Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 2/21/17

DAVID S. GELLERT ESQUIRE
Attorney for Debtor

Date: 2/22/17

Frederick L. Reigle, Esquire
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling